# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# HELENA DIVISION

_____

THOMAS JOSEPH ROEBER,

                                             CV-07-61-H-DWM-RKS

        Plaintiff,

    vs.                       **FINDINGS AND**
                               **RECOMMENDATIONS OF**

DANIEL TROUPE, DR. RANZ, DR.   **MAGISTRATE JUDGE TO**
KOHUT, MIKE FERRITER, and     **GRANT DEFENDANT'S**
THERESA SCHNEE,             **MOTION FOR SUMMARY**
                               **JUDGMENT**

        Defendants.

_____

Plaintiff Thomas Joseph Roeber filed his Amended Complaint pursuant to

42 U.S.C. § 1983.  (C.D. 17.)  Mr. Roeber alleges Defendants violated his Eighth

Amendment rights by showing deliberate indifference to his knee injury.  The

Court has jurisdiction pursuant to 28 U.S.C. § 1331.  The case was referred to the

undersigned for all pretrial proceedings, including issuing Findings and

Recommendations, by order of the Hon. Donald W. Molloy.  (C.D. 30.)

Pending before the Court is Defendants Rantz, Kohut, and Ferriter's Motion

for Summary Judgment, filed April 3, 2009.  (C.D. 31.)  They seek dismissal based

upon qualified immunity.  Mr. Roeber's response was due on approximately April

27, 2009.  Mr. Roeber did not respond.

## DISCUSSION

Summary judgment is appropriate when there are no genuine issues of

material fact and the moving party is entitled to judgment as a matter of law.  Fed.

R. Civ. P. 56; Vander v. United States Dep't of Justice, 268 F.3d 661, 663 (9th

Cir. 2001).  A court may not grant summary judgment simply because the non-

moving party filed no responsive papers, even if the failure violates a local rule.

Brydges v. Lewis, 18 F.3d 651, 652 (9th Cir. 1994); Henry v. Gill Industries, 983

F.2d 943, 949-950 (9th Cir. 1993).  When no response is filed, the movant's

papers must be sufficient to support summary judgment in order for the court to

grant summary judgment in the movant's favor.  Id. at 950.  Further, a pro se

litigant should be warned of the consequences of failing to respond to a motion for

summary judgment.  Brydges, 18 F.3d at 653.

In the present case, Mr. Roeber filed no responsive papers, in violation of

Local Rules of Procedure of the District of Montana 7.1(d)(1)(B) and 56.1(b) &

(c).  Further, Defendants properly warned Mr. Roeber of the consequences of

failing to respond.  (C.D. 34); Rand v. Rowland, 154 F.2d 409, 411-412 (9th Cir.

1998)(en banc).  Local Rule 7.1(d)(1)(B) allows the Court to deem Mr. Roeber's

failure to respond as "an admission that the motion is well taken" but does not

require the entry of judgment against Mr. Roeber.  See Brydges and Henry, supra.

Defendants Rantz, Kohut, and Ferriter seek dismissal under the doctrine of

qualified immunity.  Qualified immunity shields government officials from

litigation.  Clement v. Gomez, 298 F.3d 898 (9th Cir. 2002).  In Saucier v. Katz,

533 U.S. 194, (2001), a two-step sequence was mandated for resolving qualified

immunity claims: 1) whether the facts as alleged or shown make out a violation of

a constitutional right, and 2) was the right "clearly established" at the time of the

alleged misconduct.  Pearson v. Callahan, 129 S.Ct. 808, 815-816 (2009).  Pearson

removed the mandate of Saucier and judges are now "permitted to exercise their

sound discretion in deciding which of the two prongs of the qualified immunity

analysis should be addressed first in light of the circumstances of the particular

case at hand."  Pearson, 129 S.Ct. at 818.

In the present case, it is logical to proceed with the traditional Saucier

analysis.  First, do the facts as alleged or shown, viewed in a light most favorable

to Mr. Roeber, make out a violation of a constitutional right?  Saucier, 533 U.S. at

201.  If the answer is no,"there is no necessity for further inquiries concerning

qualified immunity."  Id.

The Eighth Amendment requires that prisoners receive adequate medical

care.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  It is a violation of the Eighth

Amendment when acts or omissions by a prison official are "sufficiently harmful

to evidence a deliberate indifference to serious medical needs."  Estelle,

429 U.S. at 106; Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).

Deliberate indifference under the Eighth Amendment involves the

consideration of two elements:  "[1] the seriousness of the prisoner's medical

need[;] and [2] the nature of the defendant's response to that  need."  McGuckin,

974 F.2d at 1059; see also Lolli v. County of Orange, 351 F.3d 410, 419 (9th Cir.

2003).   That is, a plaintiff must demonstrate "'objectively, sufficiently serious'

harm and that the officials had a 'sufficiently culpable state of mind' in denying

the proper medical care.  Thus, there is both an objective and a subjective

component to an actionable Eighth Amendment violation."  Clement v. Gomez,

298 F.3d 898, 904 (9th Cir. 2002)(citing Wallis v. Baldwin, 70 F.3d 1074, 1076

(9th Cir. 1995)).

The objective component of deliberate indifference requires the showing of a serious medical need.  "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'."  McGuckin, 974 F.2d at 1059 (9th Cir. 1992) (quoting Estelle, 429 U.S. at 104); see also Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006).

The subjective component of deliberate indifference considers the nature of the defendant's response to the serious medical need and whether the defendant had a culpable mental state, which is "'deliberate indifference' to a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998)(quoting Farmer v. Brennan, 511 U.S. 825, 835 (1994)).  "[T]he official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Farmer, 511 U.S. at 837.  "[T]he official's conduct must have been 'wanton,' which turns not upon its effect on the prisoner, but rather, upon the constraints facing the official."  Frost, 152 F.3d at 1128 (quoting Wilson v. Seiter, 501 U.S. 294, 302-303 (1991)).

"This second prong-defendant's response to the need was deliberately indifferent-is satisfied by showing (a) a purposeful act or failure to respond to a

prisoner's pain or possible medical need and (b) harm caused by the indifference."

Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060.).  "A prisoner need not

show his harm was substantial; however, such would provide additional support

for the inmate's claim that the defendant was deliberately indifferent to his needs."

Id.

Ordinary medical malpractice is not enough to state an Eighth Amendment

claim.  Estelle, 429 U.S. at 106.  A difference of opinion between medical

professionals and the prisoner concerning the appropriate course of treatment does

not amount to deliberate indifference.  Jackson v. McIntosh, 90 F.3d 330, 332 (9th

Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

Defendants Rantz, Kohut, and Ferriter's Motion for Summary Judgment

should be granted.  The undisputed facts show that rather than showing deliberate

indifference to Mr. Roeber's serious medical needs, Defendants Rantz, Kohut, and

Ferriter ensured Mr. Roeber was given medical treatment for his injured knee.

Mr. Roeber was initially seen on February 14, 2007, complaining of an

injured right knee.  A strain was assessed, treatment given, and a follow-up

appointment was scheduled.  SUF ¶ 2. Mr. Roeber was again seen March 3, 2007

and advised to continue the previous treatment.  He was seen March 7, 2007 and

prescribed ibuprofen and advised to "lay in" for two weeks.  SUF ¶ 3.  Mr. Roeber

was seen again March 21 for a two week follow-up, where he reported less pain

but some instability.  Ibuprofen was continued and another follow-up scheduled.

SUF ¶ 4.

On March 29, 2007 Mr. Roeber was seen again.  He said he wanted his knee

fixed and reported he ran out of ibuprofen.  He had not been using his knee wrap

as prescribed.  SUF ¶ 5.  On April 4, 2007, Mr. Roeber was again examined, and

the physician's assistant discussed ordering an MRI.  SUF ¶¶ 7-8.  Defendant

Rantz ordered the MRI, which was conducted on April 9, 2007.  SUF ¶ 8.

Defendant Kohut saw Mr. Roeber for back pain on April 18, 2007 and again on

April 25, 2007 to discuss the results of the MRI.  SUF ¶¶ 9-10.  Mr. Roeber had a

torn ACL and a meniscus tear.  Defendant Kohut noted Mr. Roeber was being

transferred to a Federal facility and wanted to ensure continued care.  SUF ¶ 10.

On May 23, 2007, Defendant Rantz reviewed a grievance filed by Mr.

Roeber on May 5, 2007 alleging he could get no care for his knee.  After this

review, Defendant Rantz ordered an orthopedic consultation.  SUF ¶¶ 11, 13.  That

consultation took place June 7, 2007, at which time Mr. Roeber indicated he

wanted surgery on his knee.  SUF ¶ 14. On June 11, 2007, Defendant Kohut

examined Mr. Roeber again as follow-up.  Defendant Kohut found surgery was

not an emergency.  Mr. Roeber informed Defendant Kohut that he had been

paroled to the Federal system as of June 1, 2007.  SUF ¶ 15.  Also on June 1, Mr.

Roeber appealed Defendant Rantz's response to his grievance.  His appeal was

denied as the prison was awaiting reports from his outside physician.  SUF ¶ 16.

On June 14, 2007, Defendant Rantz indicated that if Mr. Roeber was not

paroled, as he indicated he was 13 days earlier, surgery would be scheduled.  SUF

¶ 17.  On July 25, 2007, Mr. Roeber was turned over to the custody of the Federal

authorities.  Id.

There was no constitutional violation and Defendants Rantz, Kohut, and

Ferriter are entitled to qualified immunity.  Under the first prong of the Eighth

Amendment analysis, whether a serious medical need exists, the undisputed facts

show Mr. Roeber had a serious medical need.  SUF ¶¶ 8-10, 14.

Moving to the second prong of the Eighth Amendment analysis, the nature

of the Defendants' response to the serious medical need and whether the

Defendants had a culpable mental state, which is "'deliberate indifference' to a

substantial risk of serious harm" ( Frost, 152 F.3d at 1128), the undisputed facts

show Defendants did not purposely act or fail to respond to Mr. Roeber's medical

need.  See Jett, 439 F.3d at 1096.  Defendants Rantz and Kohut treated Mr. Roeber

as soon as he requested, SUF ¶ 2, and met with him on numerous occasions to

follow-up.  SUF ¶¶ 3-5, 7-10, 12-15.  Defendant Rantz indicated surgery was

needed if Mr. Roeber was to remain in custody at Montana State Prison.  SUF ¶

17.  Defendant Ferriter's involvement, solely during the grievance process,

indicates he did not fail to respond to Mr. Roeber's medical needs, but rather the

prison was awaiting a report from an outside physician in order to determine Mr.

Roeber's course of treatment.  Ex. K-3.  The Defendants did not fail to respond to

Mr. Roeber's serious medical need.

Further, Defendants have shown no harm was caused by any alleged delay

in diagnosing Mr. Roeber's injury.  See McGuckin, 974 F.2d at1060.  Even if the

delay or misdiagnosis was negligence or medical malpractice, that is still not

enough to state an Eighth Amendment claim against any of the Defendants.

Estelle, 429 U.S. at 106.

Given the undisputed facts before the Court, no Eighth Amendment

violation can be found.  Thus, because Defendants Rantz, Kohut, and Ferriter did

not violate Mr. Roeber's Eighth Amendment rights, they are entitled to qualified

immunity.  Saucier, 533 U.S. at 201.

### CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

A party who was permitted to proceed in forma pauperis in the
district-court action,  . . . , may proceed on appeal in forma pauperis
without further authorization, unless:

> (A) the district court-before or after the notice of appeal is
> filed-certifies that the appeal is not taken in good faith or finds
> that the party is not otherwise entitled to proceed in forma
> pauperis and states in writing its reasons for the certification or
> finding;

Fed. R. App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be

taken in forma pauperis if the trial court certifies in writing that it is not taken in

good faith."  The good faith standard is an objective one.  See Coppedge v. United

States, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith"

requirement if he or she seeks review of any issue that is "not frivolous."  Gardner

v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977)(quoting Coppedge, 369 U.S. at 445.).

For purposes of § 1915, an appeal is frivolous if it lacks any arguable basis in law

or fact.  Neitzke v. Williams, 490 U.S. 319 at 325, 327; Franklin v. Murphy, 745

F.2d 1221, 1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a

court need only find that a reasonable person could suppose that the appeal has

some merit."  Walker v. O'Brien, 216 F.2d 626, 631 (9th Cir. 2000).

The record makes plain that Mr. Roeber failed to file any response to

Defendants' Motion for Summary Judgment.  Mr. Roeber was warned about the

consequences of his failure to respond, and still did not respond.  Further,

Defendants showed there was no dispute of material fact and that he was entitled

to judgment as a matter of law.  No reasonable person could suppose an appeal

would have merit.  Therefore, the Court should certify that any appeal of this

matter would not be taken in good faith.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1.  Defendants Rantz, Kohut, and Ferriter's Motion for Summary Judgment

(C.D. 31) should be **GRANTED** and they should be **DISMISSED** from this case;

2.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this

decision would not be taken in good faith.


**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636, the parties may serve and file written

objections to these Findings and Recommendations within ten (10) business days

of the date entered as indicated on the Notice of Electronic Filing.  Any such filing

should be captioned "Objections to Magistrate Judge's Findings and

Recommendations."

A district judge will make a de novo determination of those portions of the

Findings and Recommendations to which objection is made.  The district judge

may accept, reject, or modify, in whole or in part, the Findings and

Recommendations.  Failure to timely file written objections may bar a de novo

determination by the district judge and may waive the right to appeal the District

Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

      This is not an appealable order and any notice of appeal pursuant to Fed. R.

Civ. P. 4(a)(1) should not be filed until entry of the District Court's final judgment.


      DATED this 15th day of June, 2009.

                        */s/ Keith Strong*
                        Keith Strong
                        United States Magistrate Judge