# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

## HELENA DIVISION

| | |
|---|---|
| THOMAS JOSEPH ROEBER,<br><br>Plaintiff,<br><br>vs.<br><br>THERESA SCHNEE,<br><br>Defendant. | Cause No. CV-07-0061-H-DWM-RKS<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO GRANT DEFENDANT'S SCHNEE'S MOTION TO DISMISS |

This matter is before the Court on Defendant Theresa Schnee's Motion to Dismiss Plaintiff's Complaint based upon Plaintiff's failure to update his contact information in violation of the Court's Scheduling Order and Local Rules.

## A.  PROCEDURAL HISTORY

This matter was filed September 27, 2007.  (Document 2).  After the prescreening process (during which Plaintiff filed three notices of change of address (Documents 10, 12, and 18)), Defendants were ordered to file an Answer

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT AND AMENDED COMPLAINT – CV-07-61-H-DWM-RKS / PAGE 1

to Plaintiff's Amended Complaint.  (Document 19).  Plaintiff again notified the

Court of a change of address on November 21, 2008.  Defendants filed Answers

on November 24, 2008.  (Documents 24 and 25).  Plaintiff filed a motion for the

Court to provide Defendant Troupe's address on January 6, 2009.  (Document 27).

That is the last document Plaintiff filed with the Court.  The Court issued its

Scheduling Order on February 3, 2009 requiring discovery be served by May 1,

2009 and discovery completed by June 3, 2009.  (Document 28).  Defendant

Schnee sent discovery to Plaintiff on February 24, 2009 but the documents were

returned.  On April 3, 2009, Defendants Rantz, Kohut, and Ferriter filed a Motion

for Summary Judgment (Document 31) which was granted September 8, 2009.

(Document 39).

        According to the docket in Plaintiff's federal criminal case (Criminal Action

No. 05-CR-00117-RFC), Plaintiff was arrested on May 8, 2009 and appeared

before this Court on May 12, 2009.  A revocation hearing was held on May 28,

2009 and he was sentenced to seven months on each count, concurrent.

        The Federal Inmate Locator recently listed Plaintiff as being in Victorville

FCI and mail sent to him there was not returned. (Document 40).  Plaintiff is set to

be released December 7, 2009.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT AND AMENDED COMPLAINT – CV-07-61-H-DWM-RKS / PAGE 2

## B.  ANALYSIS

Defendant Schnee filed her motion on the grounds that because of Plaintiff's failure to comply with the Court's Scheduling Order, Defendant has been unable to obtain discovery which has prejudiced Defendant.  Defendant served Plaintiff with discovery requests; however, Plaintiff failed to respond.  Counsel for Defendant has been unable to locate Plaintiff due to Plaintiff's failure to report his contact information.  Defendant argues Plaintiff's failure to report his address is delaying the proceeding, causing Defendant significant prejudice, as well as causing Defendant fees and costs which would have been avoided had Plaintiff complied with the Court's Order.

The trial court has discretion under Fed. R. Civ. P. 41(b) to dismiss an action for failure to comply with a court order.  *Fendler v. Westgate-California Corp.*, 527 F.2d 1168, 1170 (9th Cir. 1975).[1]  The Court must consider the following factors before imposing a dismissal as a sanction for failure to prosecute or failure to comply with a court order:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

---

[1]Defendant brings her motion under both Rules 41(b) and 16(f) of the Federal Rules of Civil Procedure.  Rule 16(f) provides for dismissal for a party's failure to comply with the scheduling order of the Court.  The Ninth Circuit has held the standards for dismissal under Rule 41(b) or Rule 16(f) are essentially the same.  *See Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987).

prejudice to the defendants/respondents; (4) the availability of less drastic

alternatives; and (5) the public policy favoring disposition of cases on their merits.

*Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963

F.2d 1258, 1260-61 (9th Cir. 1992)); *see also* *Dahl v. City of Huntington Beach*,

84 F.3d 363, 366 (9th Cir. 1996); *Thompson v. Housing Auth. of Los Angeles*, 782

F.2d 829, 831 (9th Cir. 1986) (per curiam), *cert. denied*, 479 U.S. 829 (1986).

      "The public's interest in expeditious resolution of litigation always favors

dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).

Plaintiff's failure to provide an updated address has caused significant delays in

this matter.  Accordingly, this factor weighs in favor of dismissal.

      "The trial judge is in the best position to determine whether the delay in a

particular case interferes with docket management and the public interest."

*Pagtalunan*, 291 F.3d 639 (citing *Yourish*, 191 F.3d 983).  As cited by the

Defendants,

> A scheduling order "is not a frivolous piece of paper, idly entered,
> which can be cavalierly disregarded by counsel without peril."  The
> district court's decision to honor the terms of its binding scheduling
> order does not simply exalt procedural technicalities over the merits
> of Johnson's case.  Disregard of the order would undermine the
> court's ability to control its docket, disrupt the agreed-upon course of
> the litigation, and reward the indolent and the cavalier.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT AND AMENDED COMPLAINT – CV-07-61-H-DWM-RKS / PAGE 4

*Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992)(internal citations omitted).  The Court must be able to manage its docket and it cannot do so if Plaintiff refuses to communicate with the Court.  Therefore, this factor favors dismissal.

The third factor involves risk of prejudice to Defendant.  "To prove prejudice, a defendant must establish that plaintiff's actions impaired defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." *Malone v. United States Postal Service*, 833 F.2d 128, 131 (9th Cir. 1987). Defendant argues she has incurred costs and fees which would have been averted had Plaintiff complied with the Court's order.  Defendant's motion would not have been required and counsel would not have been required to spend significant time attempting to locate and to contact Plaintiff to obtain the requested discovery requests.  This factor therefore weighs in favor of dismissal.

The fourth factor is the availability of less drastic alternatives.  The Court has considered the possibility of less drastic alternatives.  Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F.2d 671, 674 (9th Cir. 1981).  Although the court should

consider less drastic alternatives to a dismissal, the court is not required to exhaust all such alternatives prior to dismissal.  *Id*.  Plaintiff was advised of the requirement to keep the Court and opposing parties advised of his address changes and his failure to do so might result in the dismissal of his case in Documents No. 3, 5, 8, 15, and 19.  Plaintiff has not filed a notice of change of address since November 21, 2008.  (Document 22).  "[W]arning a plaintiff that failure to obey a court order will result in dismissal can suffice to meet the 'consideration of alternative' requirement."  *Malone*, 833 F.2d 132.

One possible alternative could be reopening discovery and allowing Defendant to file a motion to compel.  But the Court has no way of knowing whether Plaintiff would respond to such an option.  This matter has now been pending for more than two years.  The Court is not inclined to reopen discovery and set a new scheduling order simply because Plaintiff refused to update his address for a year.

Plaintiff will have an opportunity to file objections to these Findings and Recommendations, which may not technically be considered an "alternative" but will provide Plaintiff the chance to challenge this Court's rulings.

The last factor weighs against dismissal because public policy favors the disposition of cases on their merits.  *Pagtalunan*, 291 F.3d 639 (citing *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)).  But, the other four factors weigh in favor of dismissal and therefore dismissal is an appropriate sanction in this matter.

Plaintiff has failed to comply with the Court's Scheduling Order and the Court finds the relevant factors weigh in favor of dismissal.  Therefore, Plaintiff's Complaint will be recommended for dismissal.

## C.  CERTIFICATION REGARDING APPEAL

The Federal Rules of Appellate Procedure provide as follows:

> A party who was permitted to proceed in forma pauperis in the district-court action,  . . . , may proceed on appeal in forma pauperis without further authorization, unless:
>> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R. App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."  The good faith standard is an objective one.  *See Coppedge v. United*

*States*, 369 U.S. 438, 445 (1962).  A plaintiff satisfies the "good faith"
requirement if he or she seeks review of any issue that is "not frivolous."  *Gardner
v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445).
For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis
in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221,
1225 (9th Cir. 1984).  "[T]o determine that an appeal is in good faith, a court need
only find that a reasonable person could suppose that the appeal has some merit."
*Walker v. O'Brien*, 216 F.3d 626, 631 (9th Cir. 2000).

The record makes plain that Plaintiff failed to comply with the Court's
Orders and failed to prosecute this matter.  This failure to state a claim is so clear
no reasonable person could suppose an appeal would have merit.  Therefore, the
Court should certify that any appeal of this matter would not be taken in good
faith.

Based upon the foregoing, the Court issues the following:

## RECOMMENDATIONS

1.  Defendant Schnee's Motion to Dismiss (Document 37) should be
**GRANTED** and Plaintiff's claims **DISMISSED** for failure to comply with a Court
order.

FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO
DISMISS COMPLAINT AND AMENDED COMPLAINT – CV-07-61-H-DWM-RKS / PAGE 8

2.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3.  The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.  The record is clear Plaintiff failed to comply with the Court's Orders and failed to prosecute this matter such that no reasonable person could suppose an appeal would have merit.

4.  At all times during the pendency of this action, Plaintiff SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date.  Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Plaintiff has been released from custody, the notice should so indicate.  The notice shall not include any motions for any other relief.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  Any such filing

should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1), should not be filed until entry of the District Court's final judgment.

DATED this 9th day of November, 2009.


*/s/ Keith Strong*
Keith Strong
United States Magistrate Judge