

**FILED**

DEC 3 0 2009

PATRICK E. DUFFY, CLERK
By_____
   DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| THOMAS JOSEPH ROEBER, | ) | CV 07-61-H-DWM-RKS |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| THERESA SCHNEE, | ) | |
| Defendant. | ) | |

Plaintiff Roeber has filed an Amended Complaint under 42 U.S.C. § 1983 alleging that Defendants violated his Eighth Amendment rights by showing deliberate indifference to Plaintiff's knee injury. Defendant Schnee has moved to dismiss the Amended Complaint based on Plaintiff's failure to update his contact information.

Plaintiff has filed four notices of change of address in this case, the last of which occurred on November 21, 2008. Plaintiff last filed a document in this matter on January 6, 2009, and has not responded to continuing filings by the Defendants in the case. Plaintiff was arrested and had his supervised release revoked in May of 2009, and received a seven-month sentence of incarceration. The Federal Inmate Locator recently listed him at Victorville FCI, and mail sent to him there was not returned.

United States Magistrate Judge Keith Strong considered the motion to dismiss and issued Findings and Recommendations on November 9, 2009, in which he concludes that dismissal is warranted. Judge Strong weighed the five factors to be considered in deciding whether to dismiss for failure to prosecute, as set out in Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002). Judge Strong found that the interest in expeditious resolution of cases, the Court's need to manage its docket, the prejudice to the Defendant and the availability of less drastic options all favor dismissal, while only the preference for resolution of cases on the merits does not. On this basis Judge Strong recommended that the case be dismissed for failure to prosecute.

Plaintiff Roeber did not timely object and so has waived the right to de novo review of the record. 28 U.S.C. § 636(b)(1). This Court will review the Findings and Recommendation for clear error. McDonnell Douglas Corp. v. Commodore

Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." United States v. Syrax, 235 F.3d 422, 427 (9th Cir. 2000).

I can find no clear error with Judge Strong's Findings and Recommendations (Doc. No. 41) and therefore adopt them in full.

Accordingly, IT IS HEREBY ORDERED that the motion to dismiss (Doc. No. 37) is GRANTED, and the Amended Complaint is DISMISSED for failure to comply with a Court order.

The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed. R. App. P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

DATED this 30th day of December, 2009.

Donald W. Molloy, District Judge
United States District Court